UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEJA BRYAN, *et al.*                                                     CIVIL ACTION

VERSUS                                                             NO. 23-7116

WALMART INC., *et al.*                                        SECTION M (4)

**ORDER & REASONS**

Before the Court is a motion to remand filed by plaintiffs Deja Bryan and Jarvis Bolton (together, "Plaintiffs").[1] Defendants Walmart Inc. and Wal-Mart Louisiana, LLC (together, "Walmart") respond in opposition,[2] and Plaintiffs reply in further support of their motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion to remand.

**I.    FACTUAL BACKGROUND**

This case arises out of a slip-and-fall at a Walmart store located in New Orleans, Louisiana. Plaintiffs allege that on or about December 22, 2022, Bryan slipped on egg yolk while walking to a cash register, causing her to sustain injuries to her lower back, hip, Achilles tendon, and ankle.[4] She filed suit against Walmart on October 19, 2023, in the Civil District Court for the Parish of Orleans, seeking damages for her bodily injuries, physical suffering, loss of enjoyment of life, and medical care expenses.[5] Bryan's husband, Bolton, joins in the complaint, alleging a loss-of-consortium claim.[6]

---

[1] R. Doc. 7.
[2] R. Doc. 11.
[3] R. Doc. 15.
[4] R. Doc. 1-2 at 1-3.
[5] *Id.* at 3.
[6] *Id.*

On November 30, 2023, Walmart removed the action to this Court on the basis of diversity subject-matter jurisdiction under 28 U.S.C. § 1332(a).[7]  Walmart asserts that there is complete diversity of citizenship between the parties because the defendants are citizens of Arkansas and Delaware,[8] and Plaintiffs are citizens of Louisiana.[9]  Walmart also asserts that the amount in controversy exceeds $75,000 based on the information contained, and amounts sought, in Plaintiffs' pre- and post-suit settlement demands.[10]  Plaintiffs then filed the instant motion to remand.

**II.   PENDING MOTION**

In their motion to remand, Plaintiffs do not challenge the alleged diversity of citizenship of the parties or the timeliness of removal.  Instead, Plaintiffs argue that Walmart has failed to carry its burden to establish, through summary-judgment evidence, damages in excess of $75,000 as to show the requisite amount in controversy.[11]  In particular, Plaintiffs argue that extra-judicial settlement discussions cannot be used in determining a federal court's subject-matter jurisdiction, citing the inadmissibility of settlement demands under Rule 408 of the Federal Rules of Evidence.[12]  While Plaintiffs concede that they sent two settlement demands to Walmart – the first for $150,000 and the second for $105,000 – they also point to Walmart's counteroffer of $20,000 to argue that the amount-in-controversy requirement has not been affirmatively met.[13]  In the

---

[7] R. Doc. 1.
[8] Specifically, Walmart alleges that the sole member of Wal-Mart Louisiana, LLC is Wal-Mart Stores East, LP, which has two partners – WSE Management, LLC and WSE Investment, LLC. *Id.* at 4.  The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, and the sole member of Wal-Mart Stores East, LLC is Walmart Inc. *Id.* at 4.  It then alleges that Walmart Inc. is incorporated in Delaware with its principal place of business in Arkansas. *Id.* at 5.
[9] *Id.* at 4-5.
[10] *Id.* at 3-4.
[11] R. Doc. 7-1 at 3.
[12] *Id.* at 3-4.
[13] *Id.*

2

alternative, Plaintiffs request expedited discovery so that they may identify additional defendants.[14]

In opposition, Walmart argues that Plaintiffs' settlement demand letters are admissible to prove that the amount in controversy likely exceeds $75,000, pointing to cases from other sections of this court in support.[15] Walmart then contends that since it has met its burden of providing summary-judgment evidence as to the value of the case, Plaintiffs must file a binding stipulation that the amounts sought are less than $75,000 in order to defeat removal.[16] Lastly, Walmart argues that expedited discovery is not warranted here because there are no urgent circumstances that would necessitate responding to discovery requests before the Rule 26(f) conference.[17]

In reply, Plaintiffs attempt to distinguish the cases cited by Walmart.[18] They then file a signed, post-removal stipulation in which they stipulate that the damages sought are less than $75,000 and they "will take no action whatsoever in any court, whether federal or state, to execute, enforce, or record any judgment for the matters sued upon herein in excess of the aforesaid amount ($75,000)."[19]

### III. LAW & ANALYSIS

#### A. Removal Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a

---

[14] *Id.* at 8-10.
[15] R. Doc. 11 at 3 (citing *Creppel v. Fred's Stores of Tenn., Inc.*, 2013 WL 3490927, at *3 (E.D. La. July 10, 2013), *Carver v. Wal-Mart Stores, Inc.*, 2008 WL 2050987, at *2 (E.D. La. May 13, 2008), and *Associated Indus. Ins. Co. v. Hingel Petroleum, LLC*, 2022 WL 7539017, at *2 (E.D. La. Oct. 13, 2022)).
[16] *Id.* at 5-6.
[17] *Id.* at 6-8 (citing Fed. R. Civ. P. 26(f)).
[18] R. Doc. 15 at 1-5.
[19] R. Doc. 15-1.

state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).  Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand.  *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723.

### B. Walmart Has Satisfied the Amount-in-Controversy Requirement

Walmart removed this action based in part on the information contained in two settlement demand letters, which listed the amounts sought by Plaintiffs and further detailed Bryan's injuries, medical expenses, and treatments.

"Settlement demand letters evidence the amount in controversy insofar as they represent a plaintiff's actual valuation of her claims." *Marullo v. Dollar Gen. Corp.*, 2014 WL 3587879, at *2 (E.D. La. July 21, 2014) (citing *Cole v. Knowledge Learning Corp.*, 2009 WL 1269591, at *4 (E.D. La. May 6, 2009), *aff'd*, 416 F. App'x 437 (5th Cir. 2011)).  Courts within the Fifth Circuit have routinely held that both pre- and post-complaint demand letters may be used as evidence to satisfy the amount-in-controversy requirement.[20]  *See, e.g.*, *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (determining that "a post-complaint letter, which is not plainly a sham, may" be evidence of the amount in controversy for purposes of removal);[21]

---

[20] The distinction between pre- and post-complaint demand letters is apparently relevant only in determining the commencement of the removal clock (an issue not present here), not whether the amount in controversy is met. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 165 (5th Cir. 1992) ("[T]he medical bills and demand letter received by [defendant] did not begin the running of the thirty-day time period of the second paragraph of [28 U.S.C.] § 1446(b), since [defendant] received the medical bills and demand letter before it received the initial pleading.").
[21] *See also Wawrzycki v. Bales*, 2019 WL 4894557, at *4 (E.D. La. Oct. 4, 2019) (finding that the plaintiffs' post-complaint settlement offer, which exceeded $75,000, triggered the period of removability under § 1446(b)(3));

*Lafayette City-Par. Consol. Gov't v. Chain Elec. Co.*, 2011 WL 4499589, at *6 (W.D. La. Sept. 23, 2011) ("It can be inferred from several Fifth Circuit cases that pre-petition settlement demand letters can be considered as relevant summary judgment-type evidence of the amount of controversy.") (collecting cases).[22]

Here, Walmart points to both pre-suit and post-suit settlement demand letters as evidence of the amount in controversy. In the September 21, 2023 letter, Plaintiffs demanded $150,000, and in the November 8, 2023 letter, Plaintiffs demanded $105,000.[23] There is no indication that the letters were shams, especially given the serious injuries alleged (to Bryan's lower back, hip, tendon, and ankle) and the damages sought (for bodily injuries, physical suffering, loss of enjoyment of life, medical care expenses, and loss of consortium). Rather, Plaintiffs state that they sent the first letter "as a strategic effort to obtain the best settlement outcome for [their] claim" and sent the second letter "in response to Wal-Mart's claims representative's request to present a reduced offer … to resolve the claim and to continue settlement negotiations."[24] At most, this shows that the $105,000 offer is more in proportion with Plaintiffs' valuation of their claims than their first offer. Even so, $105,000 still exceeds the jurisdictional threshold. The Court finds, then, that Walmart has satisfied its burden of showing that the amount in controversy exceeds $75,000.

---

*Marullo*, 2014 WL 3587879, at *2 (finding that defendants proved by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional threshold since plaintiffs sent a post-suit demand letter seeking, as to each individual, $75,000 in general damages and $21,000 in medical expenses); *Cole*, 2009 WL 1269591, at *4-5 (holding that defendant demonstrated by a preponderance of the evidence that the amount-in-controversy requirement was met due to plaintiff's post-suit settlement demand for $150,000).

[22] *See also Creppel*, 2013 WL 3490927, at *3 (holding that defendant met its burden of showing by a preponderance of the evidence that the amount in controversy exceeded $75,000 because "[p]laintiffs' [$80,000] pre-petition settlement demand letter is relevant evidence of the amount in controversy at the time of removal"); *Thompson v. Acceptance Indem. Ins. Co.*, 2014 WL 7369733, at *6 (E.D. La. Dec. 29, 2014) ("[Plaintiff's] pre-petition demand letter established by a preponderance of the evidence that the amount in controversy exceeds $75,000."); *Johnson v. Macy's Dep't Store*, 2014 WL 5822788, at *5 (M.D. La. Nov. 10, 2014) ("All federal courts in Louisiana have relied upon and cited *Fairchild* [*v. State Farm Mut. Auto. Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995),] for the proposition that pre-petition settlement letters are 'valuable evidence' for determining the amount in controversy if that amount is not facially apparent.") (collecting cases).

[23] R. Docs. 1 at 2; 7-1 at 3.
[24] R. Doc. 7-1 at 3.

In doing so, the Court rejects Plaintiffs' argument that the settlement demand letters cannot be considered since such letters are inadmissible under Rule 408.  As explained in *Lilly v. Dollar General Corp.*, on a motion to remand, demand letters constitute permissible evidence because they are "not being considered for the purpose of establishing the amount of [a d]efendant's liability, but instead as [p]laintiff's assessment of the value of her claim." 2017 WL 4836539, at *4 (M.D. La. Sept. 18, 2017), *adopted*, 2017 WL 4820352 (M.D. La. Oct. 25, 2017).

The Court also disregards Plaintiffs' post-removal stipulation.[25]  "Because jurisdictional facts are judged at the time of removal, 'a subsequent unilateral, post-removal stipulation will not deprive the removal court of jurisdiction.'" *Braggs v. State Farm Ins. Co.*, 2023 WL 8432712, at *2 (E.D. La. Dec. 5, 2023) (quoting *Franco v. Teasdale*, 2006 WL 2224743, at *3 (E.D. La. Aug. 1, 2006)).  Indeed, "[p]ost-removal stipulations may only be considered if the basis of jurisdiction at the time of removal is ambiguous." *Tarleton v. Coca-Cola Refreshments USA, Inc.*, 2016 WL 541447, at *2 (E.D. La. Feb. 11, 2016).  Here, the pre-removal settlement demand letters, viewed alongside the allegations of serious injuries and damages, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, so the Court's jurisdiction was not ambiguous at the time of removal.  *See Green v. Freedle*, 2016 WL 7735378, at *4 (W.D. La. Dec. 19, 2016) (concluding that plaintiff's post-removal stipulation could not be considered since his pre-petition settlement demand letter "established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00," and thus, the court's jurisdiction "was not ambiguous at the time of removal"), *adopted*, 2017 WL 123067 (W.D. La. Jan. 10, 2017).  Rather, it appears that Plaintiffs' "stipulation is at best, 'an impermissible attempt to deprive this Court of jurisdiction

---

[25] R. Doc. 15-1.

6

that has already vested.'" *Id.* (quoting *Thompson v. Acceptance Indem. Ins. Co.*, 2014 WL 7369733, at *6 (E.D. La. Dec. 29, 2014)).

## C. Plaintiffs Have Not Shown "Good Cause" for Expedited Discovery

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized ... by court order." An order that authorizes an exception to Rule 26(d) and expedites discovery should only be granted if good cause is shown that would justify the order. *United States ex rel. Branch Consultants, L.C.C. v. Allstate Ins. Co.*, 2007 WL 9780392, at *1 (E.D. La. July 27, 2007). "The good cause analysis considers factors such as the breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests and how far in advance of the typical discovery process the request was made." *D.H. Griffin Wrecking Co. v. 1031 Canal Dev., L.L.C.*, 2020 WL 8265341, at *2 (E.D. La. Apr. 16, 2020) (quotation omitted). The burden of showing good cause is on the party seeking the discovery. *Id.* at *3. Additionally, "[t]he law is clear that expedited discovery is highly disfavored" and that "[a]bsent an affirmative showing of good cause, the party seeking discovery in advance of a Rule 26(f) conference will be unable to overcome the procedural requirements necessary to circumvent the standard discovery timeline." *Branch Consultants*, 2007 WL 9780392, at *2.

Plaintiffs have failed to meet their burden. First, while Plaintiffs generally state the information they seek to obtain through expedited discovery (*viz.*, the identities of employees or agents of Walmart who "may share a portion of the liability in this matter"[26]), they fail to explain

---

[26] R. Doc. 7-1 at 8.

what urgent need necessitates expedited discovery.[27]  Indeed, Plaintiffs insist that they "would like the opportunity to discover their identities and join them to this action immediately to prevent the loss of evidence,"[28] but they fail to explain what evidence would be lost in waiting until the Rule 26(f) conference.

Second, the cases cited by Plaintiffs are factually distinguishable.  Both *Chanel, Inc. v. Individual, Partnership, or Unincorporated Association*, 2014 WL 12605584 (S.D. Tex. Oct. 17, 2014), and *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58 (M.D. La. 2016), involve intellectual property disputes wherein plaintiffs sought expedited discovery to identify and locate trademark and copyright infringers who were sued, but not yet identified, in the complaint.  Here, Plaintiffs have named several Walmart entities but seek to expedite discovery to name *additional* defendants – particularly, employees or agents of Walmart.  *But see Source Prod. & Equip. Co. v. Schehr*, 2017 WL 45221, at *2 n.8 (E.D. La. Jan. 4, 2017) ("It appears that *ex parte* expedited discovery motions are rarely granted outside of cases in which plaintiffs cannot identify any defendants and need expedited discovery in order to identify the unidentified defendants. This is often the situation in cases where internet users illegally obtain copyrighted material and the copyright owners can identify them only by obtaining discovery from the unidentified defendants' internet service providers.").

---

[27] In their reply memorandum, Plaintiffs argue that their claims against certain unidentified and unnamed defendants could prescribe if their request for expedited discovery is denied. R. Doc. 15 at 7.  However, Plaintiffs fail to state when or why their claims would prescribe and fail to show what other attempts, if any, they have made to obtain the identities of the potential defendants.  *See Tennart v. City of Baton Rouge*, 2017 WL 2798499, at *4 (M.D. La. June 28, 2017) ("Under such circumstances, where [p]laintiffs have made a showing of their attempts to obtain this information without expedited discovery, and where such early identification may avoid naming multiple potentially innocent parties as defendants, good cause exists to allow [p]laintiffs to proceed with some form of expedited discovery."); *Mary Kay Inc. v. Beyou-Cosms. storefront on www.eBay.com*, 2021 WL 2315097, at *2 (N.D. Tex. June 7, 2021) ("[Plaintiff] made substantial attempts to identify the John Doe Defendants without expedited discovery yet failed despite its best efforts.  It seems, therefore, that the limited discovery request is the only way to obtain this information.") (internal citation omitted).

[28] R. Doc. 7-1 at 8.

The facts of this case are closer to *Wright v. Wal-Mart Louisiana, LLC*.[29] There, a plaintiff sought expedited discovery to identify certain employees and name them as defendants. In denying the motion, the court concluded that even if the plaintiff could pass the difficult hurdle of stating a viable claim against the employees personally, the plaintiff failed to establish good cause since he "ha[d] not identified any urgent need or potential loss of evidence that would justify the issuance of discovery before the required Rule 26(f) conference."[30] The same is true here.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to remand is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion for expedited discovery is DENIED.

New Orleans, Louisiana, this 26th day of December, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[29] No. 23-867 (E.D. La. Apr. 19, 2023), R. Doc. 14; *see* R. Doc. 11-1.
[30] R. Doc. 11-1 at 4.